[Cite as *Whitt v. Trumbull Corr. Inst.*, 2011-Ohio-4590.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL WHITT, SR.

Plaintiff

v.

TRUMBULL CORRECTIONAL INSTITUTION

Defendant

Case No. 2011-02433-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶1} 1)   On September 21, 2010, plaintiff, Michael Whitt, an inmate incarcerated at defendant's Trumbull Correctional Institution (TCI), was transferred from TCI to a court hearing at an another facility.

{¶2} 2)   Plaintiff's personal property was inventoried, packed, and delivered into the custody of TCI staff incident to his transfer.  Plaintiff recalled he regained possession of his property on November 29, 2010, and discovered several items were missing.

{¶3} 3)   Plaintiff claimed the following items were missing: one bible, one pair sweat pants, one sweat shirt, three pair boxers, hair trimmer, one fan, one cable splitter, one universal remote, one "home fixer-upper" book, two toothpaste, seven compact discs (CDs), nine envelopes, three deodorants, one shampoo, one baby powder, one wave cap, cotton swabs, laundry detergent, two bars of Dove soap, four bars of Dial soap, four bars of cocoa butter soap, AAA and AA batteries, one tropical punch Kool-

Aid, five cans of tuna, thirteen packs of noodles, four summer sausage, five honey buns, six packs of cheese crackers, one Velveeta cheese, one Provolone cheese, one BBQ sauce, one pizza sauce, one stick of pepperoni, four packs of rice, six bags of microwave popcorn, and one peanut butter. Plaintiff asserted his property was lost or destroyed as a proximate result of negligence on the part of TCI personnel and he has consequently filed this complaint seeking damages in the amount of $314.30, the estimated replacement value of the property. Payment of the filing fee was waived.

{¶4} 4) Plaintiff submitted a copy of his "Inmate Property Record" compiled on September 21, 2010 when his property was packed incident to his transfer. Items listed relevant to this claim are one bible, two pair sweat pants, one sweat shirt, seven pair of undershorts, hair trimmer, one fan, one cable splitter, ten books, one religious book, two toothpaste, seven CDs, nine envelopes, four deodorants, one shampoo, one powder, laundry detergent, eight bars of soap, two batteries, one Kool-Aid, five cans of tuna, four summer sausage, reasonable amount of cakes & pastries-buns, six packs of Ritz crackers, one Velveeta cheese, one Provolone cheese, one BBQ sauce, one pizza sauce, one pepperoni, four rice, and one peanut butter.

{¶5} 5) In the investigation report defendant noted that "[d]efendant has previously indicated its liability for the loss of each of the individual items of property listed in Plaintiff's complaint, with the exception of two compact discs, a universal remote, and a 'home fixer-upper book.'" Defendant explained that although plaintiff alleges that TCI lost seven CDs, defendant's record establishes plaintiff owned only five CDs. According to defendant, plaintiff has failed to prove he owned two additional CDs, a universal remote, and a home fixer-upper book. The investigation report prepared by the TCI institutional inspector states "[r]eceipts could not be produced for 7 CDs his file showed he had possession of 5 CDs. However, it could not be determined the price paid, titles or when purchased. Inmate state family/friend purchased for him in 2010." Defendant deferred to the court to establish the reasonable value of the property for which defendant admits liability.

{¶6} Plaintiff filed a response insisting that he is entitled to all damages claimed. Plaintiff pointed out that he delivered ten books and seven CDs to defendant as noted on the September 29, 2010 pack-up sheet. Plaintiff stated that the universal remote "was somehow overlooked during the pack-up." Plaintiff maintained he did own seven

CDs and he submitted copies of the purchase orders completed in 2010, including the titles and prices paid for the seven CDs.

CONCLUSIONS OF LAW

{¶7} 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶8} 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶9} 3) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶10} 4) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶11} 5) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶12} 6) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶13} 7) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶14} 8) Plaintiff's failure to prove delivery of the universal remote to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶15} 9) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds plaintiff's assertions credible that he owned seven CDs and a home fixer-upper book.

{¶16} 10) Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after he was transferred. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD, jud.

{¶17} 11) The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶18} 12) As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶19} 13) Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶20} 14) Upon review of all the evidence submitted, the court finds plaintiff has suffered damages in the amount of $195.00.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL WHITT, SR.

  Plaintiff

  v.

TRUMBULL CORRECTIONAL INSTITUTION

  Defendant

   Case No. 2011-02433-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $195.00. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Michael Whitt, Sr., #572-552
5701 Burnett Road
P.O. Box 901
Leavittsburg, Ohio  44430

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

SJM/laa

5/10
Filed 6/7/11
Sent to S.C. reporter 9/12/11